**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Arlene Rowland, | ) | No. CV 04-2287-PHX-EHC |
| Plaintiff, | )<br>) | **ORDER** |
| vs. | )<br>) | |
| Prudential Financial, Inc., Wachovia<br>Corporation, | )<br>)<br>) | |
| Defendants. | )<br>) | |

Pending before the Court are Plaintiff's "Motion for Court Action Civil Procedure Compliance" (Dkt. 107), Plaintiff's Motion for Status of Pending Motions (Dkt. 108), Plaintiff's Motion for Pending Motion Notification (Dkt. 111), Plaintiff's Motion for Joinder of Persons Needed for Just Adjudication (Dkt. 118), Plaintiff's Motion to Add Wachovia Corporation to Plaintiff's First Amended Complaint (Dkt. 120), Plaintiff's Motion for Relief (Dkt. 120), Defendant Prudential Financial, Inc.'s and non-parties Prudential Equity Group, LLC and Prudential Insurance Company of America's (collectively, the "Movants") Motion to Dismiss (Dkt. 124), Plaintiff's Motion for Entry of Default as to Prudential Financial, Inc. (Dkt. 127), Plaintiff's Motion for Preclusion of Defenses and Award of Expenses (Dkt. 127), Plaintiff's Motion to Strike Movants' Motion to Dismiss (Dkt. 128), and Plaintiff's Motion to Unseal Document (Dkt. 130). The Court will consider each motion in turn.

**A.    <u>Background</u>**

Plaintiff was employed by Prudential Securities, Inc. ("PSI") in Phoenix from "January 1, 1999 to September 6, 2002," when she went on medical leave. (Dkt. 20, ¶ 1). On July 1, 2003, PSI "ceased to exist as a corporate entity" and Wachovia Securities ("WS") took over PSI's brokerage business. (Dkt. 124).  Plaintiff's employment transferred to WS.  (Dkt. 20, ¶7).  Prudential Equity Group, LLC ("PEG") is the successor to PSI.  (Dkt. 124).

On October 26, 2004, Plaintiff, who is pro se, filed a Complaint alleging a variety of employment related claims against Defendants.  (Dkt. 1).  On April 11, 2005, Plaintiff filed a First Amended Complaint ("FAC"), which is now the operative complaint.  (Dkt. 20).  Defendant Prudential Financial, Inc. ("PFI") filed a Motion to Dismiss for lack of jurisdiction, or in the alternative, a stay in the proceedings pending arbitration (Dkt. 24). On June 3, 2005, the Court granted PFI's Motion to Stay the proceedings pending arbitration.  (Dkt. 52).  Plaintiff brought suit against Defendant Prudential in February 2003 before the National Association of Securities Dealers, Inc. ("NASD"), but then voluntarily sought dismissal without prejudice, which was granted on April 21, 2006.[1] (*See* RJE, Ex. T).  After Plaintiff's claims in the NASD arbitration were dismissed without prejudice,  the Stay was lifted in this case. (Dkt. 83).  The Court denied Defendants' Motions to Dismiss "without prejudice to re-urging pending the ruling on Plaintiff's Motion to Amend."[2]  (Dkt. 83).

---

[1]Movants filed a Request for Judicial Notice in Support of their Reply.  (Dkt. 136). The Request includes Exhibits R through T.  Exhibit R is the NASD Panel's Conditional Order of Dismissal from June 7, 2005.  Exhibit S is Plaintiff's Letter to the NASD Accepting the Conditional Offer, dated June 17, 2005.  Exhibit T is the NASD Panel's Final Award, dated April 21, 2006.  Courts may take judicial notice of arbitration awards pursuant to Fed. R. Evid. 201.  *See Stacks v. Southwestern Bell Yellow Pages, Inc.,* 27 F.3d 1316, 1326 n. 3 (8th Cir.1994); *Yerkovich v. MCA Inc.,* 11 F.Supp.2d 1167, 1169 n. 2 (C.D.Cal,.1997).  The Court takes Judicial Notice of Ex. T, the NASD Arbitration Award, under Fed. R. Evid. 201.

[2]Plaintiff contends that Movants' pending Motion to Dismiss is improper under Fed. R. Civ. P. 12(g) because this is their second Motion to Dismiss.  (Response at 1-2).  This

**B.      Plaintiff's "Motion for Court Action Civil Procedure Compliance"**

Plaintiff filed a "Motion for Court Action Civil Procedure Complaint." Plaintiff requests that the Court order Defendant PFI to withdraw counsel, Kendra Forsythe, and to substitute counsel pursuant to Local Rule 83.1. (Dkt. 107).

Local Rule 83.1(b)(3) provides that "[a]n attorney who is admitted to practice in another U.S. District Court, and who has been retained to appear in this Court, may, upon written application and in the discretion of the Court, be permitted to appear and participate in a particular case." Counsel Kendra Forsythe filed a Motion for Admission Pro Hac Vice and paid the pro hac vice fee of one hundred dollars pursuant to Local Rule 83.1(b)(3). (Dkts. 120, 121).  The Court granted Kendra Forsythe's Motion for Admission Pro Hac Vice and, therefore, she is permitted to appear and participate in this case. (Dkt. 122).  Accordingly, the Court will deny Plaintiff's  "Motion for Court Action Civil Procedure Complaint." (Dkt. 107).

**C.      Plaintiff's Motion for Status of Pending Motions and Plaintiff's Motion for Pending Motion Notification**

Plaintiff filed a Motion for Status of Pending Motions (Dkt. 108) and a Motion for Pending Motion Notification (Dkt. 111).  In these motions, Plaintiff requests the status of her Motion for Reconsideration of Order (Dkt. 56) and Motion for Leave to File Third Amendment Complaint (Dkt. 93).

The Court denied the Motion for Reconsideration on March 29, 2006 (Dkt. 74), and denied the Motion for Leave to File Third Amendment Complaint pursuant to Federal Rule of Civil Procedure 8(a) on December 14, 2006 (Dkt. 109).  Accordingly, the Court

---

argument is misplaced.  Plaintiff had filed a first amended complaint as of right unbeknownst to Movants.   Movants based their original Motion to Dismiss on Plaintiff's original complaint and the Court order denied the first Motion "without prejudice to re-urging pending the ruling on Plaintiff's Motion to Amend."  (Dkt. 83).  Furthermore, the defense of failure to state a claim is excepted from the Consolidation of Defenses Rule 12(g) under Fed. R. Civ. P. 12(h)(2).

will grant Plaintiff's Motion for Status of Pending Motions (Dkt. 108) and Motion for Pending Motion Notification (Dkt. 111) to the extent that Plaintiff has been informed in this Order that the motions referenced have been denied.

**D.      Plaintiff's Motion for Joinder of Persons Needed for Just Adjudication**

Plaintiff filed a Motion for Joinder of Persons Needed for Just Adjudication ("Motion for Joinder). (Dkt. 118).  Plaintiff seeks to join Prudential Securities, Inc., Prudential Securities Group, Inc., Prudential Equity Group, Inc., Prudential Equity Group, LLC and Subsidiaries, Prudential Insurance Company of America, Wachovia Securities LLC, Wachovia Securities Financial Network, LLC, and Thomas Norman Zirbel, pursuant to Federal Rule of Civil Procedure 19(a). (Dkt. 118).  Defendant Prudential Financial, Inc. and Non-Parties Prudential Equity Group, LLC and Prudential Insurance Company of America filed a response, objecting to Plaintiff's Motion for Joinder. (Dkt. 125).

Rule 19(a) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Plaintiff fails to meet the standard of Rule 19.  Plaintiff has not demonstrated any grounds for joining these additional defendants. Nor has Plaintiff shown that the absence of these additional defendants would either materially reduce the likelihood that the Court could provide justice for those already parties or be detrimental to the non-parties themselves. Accordingly, the Court will deny Plaintiff's Motion for Joinder (Dkt. 118).

**E.      Plaintiff's Motion to Add Wachovia Corporation to Plaintiff's First Amended Complaint and Plaintiff's Motion for Relief**

Plaintiff filed a Motion to Add Wachovia Corporation to Plaintiff's First Amended Complaint ("Motion to Add Wachovia Corporation" and "Motion for Relief"). (Dkt. 120).  Plaintiff seeks to join Defendant Wachovia Corporation pursuant to Federal Rule of Procedure 19(a) and 21.  Plaintiff argues that Defendant Wachovia Corporation should be joined by the Court, "as a party of the action because its absence avoids justice and complete relief accorded among those already parties." (Dkt. 120, p. 2-3).

On April 28, 2006, the Court dismissed Wachovia Corporation based on a lack of personal jurisdiction. (Dkt. 83).  The Court's dismissal of Wachovia Corporation for lack of personal jurisdiction cannot be vacated with a Rule 19(a) motion for joinder.  Joinder is not feasible under Rule 19(a)  "when the absentee is not subject to personal jurisdiction." *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005). The Court, therefore, will deny Plaintiff's request to join Wachovia Corporation pursuant to Rule 19(a).  Because joinder of Wachovia Corporation would be inappropriate based on a lack of personal jurisdiction, the Court will also deny Plaintiff's request to join Wachovia Corporation pursuant to Rule 21.  Accordingly, the Court will deny Plaintiff's Motion to Add Wachovia Corporation (Dkt. 120).

Plaintiff also motions this Court pursuant to Federal Rule of Civil Procedure 60(b)(3) ("Motion for Relief"). (Dkt. 120).  Plaintiff argues that "Counsel for Wachovia Corporation perpetrated a fraud upon this Court by alleging, advocating, and maintaining its position of this Court's lack of personal jurisdiction, until this Court dismissed defendant Wachovia Corporation." (Dkt. 120, p 3).

 The Court will also deny Plaintiff's Motion for Relief pursuant to Rule 60(b)(3). Rule 60(b)(3) permits a losing party to move for relief from judgment or order on the basis of "fraud, misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3).  To prevail, the "moving party must prove by clear and convincing evidence that the verdict [or order] was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and

fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc*, 206, F.3d 874, 880 (9th Cir. 2000).  Plaintiff does not meet the clear and convincing evidence standard of Rule 60(b).  Plaintiff fails to present any substantive evidence that Wachovia Corporation misstated or misrepresented facts or perpetuated a fraud upon this Court by moving for dismissal based on lack of personal jurisdiction.  Accordingly, the Court will deny Plaintiff's Motion for Relief pursuant to Rule 60(b)(3) (Dkt. 120).

**F.**   **Movants' Motion to Dismiss and Plaintiff's Motion to Strike Movants' Motion to Dismiss**

Defendant Prudential Financial, Inc.'s ("PFI") and non-parties Prudential Equity Group, LLC and Prudential Insurance Company of America's (collectively "Movants") filed a Motion to Dismiss for failure to state a claim on January 29, 2007.  (Dkt. 124). Plaintiff responded on February 22, 2007 by filing a Motion to Strike Movants' Motion to Dismiss. (Dkt. 128).  On April 6, 2007, Defendant Movants filed an Opposition to Plaintiff's Motion to Strike.  (Dkt. 135).  Plaintiff's Motion to Strike responds to Movants' Motion to Dismiss and the Court will treat the Motion to Strike as a Response to the Motion to Dismiss.  The Court will treat Movants' "Opposition to Plaintiff's Motion to Strike" as a Reply to Plaintiff's Response.

A Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it appears to a certainty that a plaintiff will not be entitled to relief under the allegations of the Complaint.  *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).  The Court "must accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999).  Furthermore, when there is a pro se plaintiff, "the allegations of the *pro se* complaint ... [are held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594 (1972) (per curiam).

**1. Plaintiff's Title VII and Americans with Disabilities Act ("ADA") claims**

Plaintiff's First through Fourth Claims alleging discrimination and retaliation based on gender and disability under Title VII and the ADA are untimely.  To bring a timely claim, a party must first file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged violation.  42 U.S.C. § 2000e-5(e)(1).  After receiving a Right to Sue letter from the EEOC, a party has 90 days to file a claim.  42 U.S.C. § 2000e-5(f)(1).  This 90 day period "constitutes a statute of limitations. If claimant fails to file within 90-day period, the action is barred accordingly." *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990).  Plaintiff received a Right to Sue letter for her First claim alleging sex discrimination and harassment under Title VII in January 2003.[3]  (FAC ¶1, Compl. ¶ 17). Plaintiff filed this claim on October 26, 2004.  (Dkt. 1).  Plaintiff's First Claim is barred by the statute of limitations.  (Dkt. 1).

Plaintiff's Second Claim alleging retaliation under Title VII and Third and Fourth Claims alleging discrimination and retaliation under the ADA are untimely.[4]  Plaintiff

---

[3]Plaintiff alleges that she filed a *second* EEOC charge on July 6, 2004 and received a Right to Sue letter on July 30, 2004, thereby making this the operative date for the statute of limitations period. This charge, however, is not within the 300 day period from the alleged violation that Plaintiff has to file when she was no longer employed by PSI as of July 1, 2003. Furthermore, Plaintiff alleges sex discrimination in the First Amended Complaint (¶¶ 20-23) under the heading "Workplace Discrimination, Harassment, Retaliation 1999-2002." Taking the Plaintiff's allegations as true, the alleged violations based on sex occurred from 1999-2002.  There are no violations alleged of discrimination or harassment based on sex beyond these dates that would make the second EEOC charge any different from the first, except that "age[] and disability discrimination and retaliation" was alleged in the second charge. (FAC ¶¶ 1, 2).

[4]Plaintiff's Third and Fourth Claims are also based on discrete acts that occurred after her employment with PSI ended on July 1, 2003.  In her Third Claim, Plaintiff alleges an ADA violation by Defendants for refusing "to permit plaintiff to return to work" and by denying plaintiff's "multiple reasonable accommodation requests."   (FAC ¶¶ 69, 70). Plaintiff's Fourth Claim alleges that "Defendants subjected [Plaintiff] to harass[ment]...after she made an inquiry [to return to work] on May 28, 2004" and "the discrimination includes...denying and/or interfering with Plaintiff's right to return to work."  (FAC ¶¶ 74, 78).  Plaintiff tried to return to work beginning in February, 2004, (FAC ¶ 35) at which time she was not employed by PSI (FAC ¶ 7).

failed to file any charges with the EEOC within 300 days of the alleged violation.  Failure

to file a charge within this 300 day period "is treated as a violation of a statute of

limitations." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000); *see also*

*Douglas v. California Dept. of Youth Authority,* 271 F.3d 812, 823 (9th Cir. 2001)

(applying 300 day limitation to ADA claim).  This period "begins to run on the date the

employee received notice of the employment decision." *Taxey v. Marciopa County*, 237

F.Supp.2d 1109, 1113 (D.Ariz. 2002).  Plaintiff filed discrimination and retaliation

charges with the EEOC on July 6, 2004 and November 30, 2004.  (FAC ¶ 3).  Plaintiff's

employment with PSI, however, ended on July 1, 2003 when PSI ceased to exist as a

legal entity.  (FAC ¶ 7).  These charges were thus untimely filed with the EEOC as

against Movants by more than two months.

Plaintiff argues that the statute of limitations should be equitably tolled.  Equitable

tolling is "readily available in extreme cases...[and] has been applied sparingly." *Scholar*

*v. Pacific Bell,* 963 F.2d 264, 268 (9th Cir. 1992).  Equitable tolling is appropriate when

> a plaintiff is unable to obtain vital information bearing on the existence of his
> claim...Unlike equitable estoppel, equitable tolling does not depend on any
> wrongful conduct by the defendant to prevent the plaintiff from suing. Instead
> it focuses on whether there was excusable delay by the plaintiff. If a
> reasonable plaintiff would not have known of the existence of a possible claim
> within the limitations period, then equitable tolling will serve to extend the
> statute of limitations for filing suit until the plaintiff can gather what
> information he needs...However, equitable tolling does not postpone the statute
> of limitations until the existence of a claim is a virtual certainty.

*Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000).  Plaintiff knew of

her claims and waited to file them with the Court until after the limitations period had

expired.  Furthermore, a plaintiff may not claim excusable delay or ignorance in an

attempt to equitably toll the statute of limitations when she has consulted an attorney

within the applicable statute of limitations period.  *See Stallcop v. Kaiser Foundation*

*Hospitals*, 820 F.2d 1044, 1050 (9th Cir. 1987) (plaintiff is not excusably ignorant

when she consulted attorneys within the statute of limitations period as she is charged

with "constructive knowledge" of her rights and the law). Plaintiff was represented

by counsel in the NASD proceedings, prior to June 21, 2004, when she decided to

1   participate pro se.  (*See* RJN, Ex. T at 13).  She is thus deemed to be aware of her

2   rights.  Accordingly, the Court will dismiss Plaintiff's First through Fourth Claims.

3   **2.  Plaintiff's ACRA and AEPA claims**

4           Plaintiff's Fifth claim arises from a state law cause of action under ACRA (A.R.S.

5   41-1401, et seq.) and AEPA (A.R.S. 23-1501).  This claim is barred by the statute of

6   limitations.  Under ACRA, Plaintiff must file an administrative charge within 90 days of

7   the alleged violation and from this date, she has one year to file a civil claim. (A.R.S. 41-

8   1481(D)).  Plaintiff filed her charge with the Arizona Civil Rights Division on December

9   27, 2002 (FAC ¶ 1) and thus, had until December 27, 2003 to file her civil claim.  This

10  claim was filed on October 26, 2004 and is thus, untimely. (Dkt. 1).

            Plaintiff's claim under AEPA also fails because it is untimely.  (FAC ¶ 81).  A

11  plaintiff must filed suit within one year after the cause of action accrues.  (A.R.S. 12-

12  541).  Plaintiff's employment relationship with PEG terminated on July 1, 2003 and thus

13  provides the last date a cause of action could have accrued against Movants.  (FAC ¶ 7).

14  This action was filed in October 2004, approximately three months past the appropriate

15  date. (Dkt. 1).  Accordingly, the Court will dismiss Plaintiff's Fifth Claim.

16  **3.  Plaintiff's Fair Credit Reporting Act ("FCRA") claim**

17          Plaintiff alleges that PI's Disability Management Services ("PI-DMS") willfully

18  violated the FCRA, 15 U.S.C. §1681 et seq., by complying with a subpoena from a "court

19  or tribunal having <u>NO</u> authority or jurisdiction to execute [or] issue such an order [or] a

20  subpoena without a tribunal order or signed medical authorization attached"and by

21  providing her medical information during the NASD arbitration to PEG.  (FAC ¶¶ 24,

22  85).   When Plaintiff chose the NASD forum to arbitrate her claims, she voluntarily

23  contracted to be subject to the NASD Code of Arbitration.  (*See* RJN, Ex. T (Claimant

24  Arlene D. Rowland signed NASD Submission Agreement)).  Section 10322 of NASD's

25  Code of Arbitration states, "arbitrators have the authority to issue subpoenas for the

26  production of documents."  Thus, the subpoena issued by NASD to PI-DMS is valid.

Furthermore, the FCRA provides an exception that "any consumer reporting agency may furnish a consumer report...[i]n response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury." 15 U.S.C. § 1681b(a)(1). It thus follows that when an alleged FCRA violation occurs in an arbitration proceeding, it is not a violation to comply with a subpoena for documents validly issued by the arbitrator(s). *See Kansas Commission on Civil Rights v. Sears*, *Roebuck and Co.*, 216 Kan. 306, 320 (1975) (reasoning that it would be "difficult to stigmatize compliance with a subpoena duly issued by an agency...which was authorized by law to issue subpoenas, as either willful or negligent failure to comply with the requirement of [the FCRA]"). Accordingly, the Court will dismiss Plaintiff's Sixth Claim.

**4.  Plaintiff's Gramm-Leach-Bliley Act ("GLBA") claim**

Plaintiff alleges that Defendants violated § 521 of the GLBA. The GLBA, however, does not provide for a private cause of action. The provisions of the GLBA are to be enforced by "the federal functional regulators, the State insurance authorities, and the Federal Trade Commission." 15 U.S.C. § 6805(a). *See Mention v. Experian Corp.*, 2003 WL 21692820 at *3 (S.D.N.Y., 2003). Although Plaintiff asserts state law claims that provide a private right of action, she does not do this in the First Amended Complaint. Rather, these state law claims appear for first time in her Response to Movants' Motion to Dismiss. (Response at 13). Such claims will not be considered by the Court as they were not alleged in the pleadings. Accordingly, the Court will dismiss Plaintiff's Seventh Claim.

///

///

**5.  Plaintiff's Fair Labor Standards Act ("FLSA") claim**

The FLSA, as amended by the Equal Pay Act, provides a cause of action for an employee when an employer discriminates "between employees on the basis of sex by paying wages to employees...at a rate less than the rate at which he pays wages to

employees of the opposite sex." 29 U.S.C. § 206(d).  Plaintiff alleges that while on medical leave, she was "subjected to disparate treatment" when her income was "instead paid to a male" employee.  (FAC ¶ 99).  This does not state a cognizable claim under FLSA.  Instead, it appears to be another attempt at a Title VII gender based claim.  As discussed above, such a claim is untimely.  Accordingly, the Court will dismiss Plaintiff's Eighth Claim.

## 6. **Plaintiff's Sarbanes-Oxley Act ("SOX") claim**

Plaintiff's SOX claim fails as untimely.  To be timely, Plaintiff must file a charge with the Department of Labor ("DOL") within 90 days of the alleged violation.  18 U.S.C. § 1514A(b)(2)(D).  Rowland's last date of employment with Prudential was July 1, 2003, which is the date of accrual for this cause of action.  Rowland did not file  her SOX charge with the DOL until July 2004 and September 2004, far beyond the 90 day time period.  (Response, Ex. B).[5]

Furthermore, Plaintiff also alleges §§ 1102 and 1107 claims which deal with the tampering with and retaliation against a witness, victim, or informant by killing or attempting to kill, using physical threat or force, or using intimidation or threats against another person.  18 U.S.C. §§ 1512-1513.  Plaintiff alleges that Defendants "tampered with records" and that she was "harassed...because of the statutory protected disclosure[] to the EEOC, NASD, SEC, Federal and State agencies."  Such allegations do not state a claim arising under §§ 1102 and 1107.  Accordingly, the Court will dismiss Plaintiff's Ninth Claim.

## 7. **Plaintiff's Family Medical Leave Act ("FMLA") claims**

---

[5]These filings with the DOL are referred to in the First Amended Complaint at ¶ 4 and are central to Plaintiff's SOX claim.  Thus, the Court may consider them on a motion to dismiss if offered by the Defendant.  *See U.S. v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).  Here, it is Plaintiff who fails to allege the dates of the DOL charges in the First Amended Complaint, but offers the charges as Exhibits in her Response (Dkt. 128). Movants are in accordance with the dates and acknowledge the DOL charges in the Motion to Dismiss (Dkt. 124) by citing to Plaintiff's original Complaint.

Plaintiff's final claims arise under 29 U.S.C. § 2615(a)(1), making it unlawful for "any employer to interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided under this subchapter" and 29 U.S.C.§ 2615(a)(2), making it unlawful for "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."  These claims fail against PFI and PI because they have no employment relationship with Plaintiff.   To assert a FMLA claim, a plaintiff must be entitled to the protections of the FMLA, which covers "eligible employees" (29 U.S.C.. § 2612(a)).  Thus, a plaintiff must establish that he or she is an "eligible employee." *See Cavin v. Honda of America Mfg., Inc,.* 346 F.3d 713, 719 (6th Cir. 2003) (plaintiff must establish that he is an "eligible employee" to assert an interference claim.").

An "eligible employee" is an "employee who has been employed (i) for at least 12 months by the employer *with respect to whom leave is requested*; and (ii) for at least 1,250 hours of service with *such* employer during the previous 12-month period."  29 U.S.C.A. § 2611 (emphasis added).  *See also Bachelder v. America West Airlines, Inc.,* 259 F.3d 1112, 1118 (9th Cir. 2001).  Plaintiff incorrectly argues that she "does not have to establish an 'employment relationship with PFI or PI'" to assert a claim under the FMLA.  (Response at 17).  Plaintiff has no cause of action against those with whom she has not been employed and she alleges that she was employed only by PSI/PEG and WS.  (FAC ¶¶ 1, 7).

As against PEG, Plaintiff's employment terminated on July 1, 2003.  (FAC ¶ 7). The FMLA claims are based on Plaintiff's attempt to return to work at the end of her medical leave (Response at 17), which occurred beginning in February 2004 and ultimately ended in her "constructive termination." (FAC ¶¶ 35, 113).  Plaintiff's claim did not accrue until after her employment ended with PEG.  Accordingly, the Court will dismiss Plaintiff's Tenth and Eleventh Claims.

**F.**   **Plaintiff's Motion for Entry of Default as to Prudential Financial, Inc and Plaintiff's Motion for Preclusion of Defenses and Award of Expenses**

Plaintiff filed a Motion for Entry of Default as to Defendant Prudential Financial, Inc. (Dkt. 127) and a Motion for Preclusion of Defenses and Award of Expenses (Dkt. 127).  Plaintiff seeks to "(1) enter default against Prudential Financial, Inc...(2) deny Prudential Financial, Inc. any defense or objection which was available to Prudential Financial Inc., when Prudential Financial filed its <u>Rule 12</u> motion in April 2005; <u>and</u> (3) award Plaintiff with expenses, including attorney fees because of Prudential Financial, Inc.'s repeated noncompliance to this Court's Orders." (Dkt. 127, p. 3).

The Court, having dismissed the Complaint as to Defendant PFI, will deny Plaintiff's Motion for Entry of Default (Dkt. 127) and a Motion for Preclusion of Defenses and Award of Expenses (Dkt. 127) as moot.

**H.**     **Plaintiff's Motion to Unseal Document**

Plaintiff filed a Motion to Unseal Order at Docket 52. (Dkt. 130). Because the Court's June 3, 2005 Order (Dkt. 52) was not filed as a sealed order, the Court will deny Plaintiff's Motion to Unseal Document (Dkt. 130) as legally frivolous.

Accordingly,

**IT IS ORDERED** that Plaintiff's "Motion for Court Action Civil Procedure Complaint." (Dkt. 107) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Status of Pending Motions (Dkt. 108) and Plaintiff's Motion for Pending Motion Notification (Dkt. 111) are **GRANTED** to the extent of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Joinder (Dkt. 118) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Add Wachovia Corporation (Dkt. 120) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Relief pursuant to Rule 60(b)(3) (Dkt. 120) is **DENIED**.

**IT IS FURTHER ORDERED** treating Plaintiff's "Motion to Strike Motion to Dismiss" (Dkt. 128) as Response to Movants' Motion to Dismiss, and treating

Movants' "Opposition to Plaintiff's Motion to Strike" (Dkt. 135) as a Reply to Movants' Motion to Dismiss.

**IT IS FURTHER ORDERED** that Defendant Prudential's Request for Judicial Notice (Dkt. 136) as to Exhibit T is **GRANTED**.

**IT IS FURTHER ORDERED GRANTING** Movants' Motion to Dismiss (Dkt. 124) and **DISMISSING** the First Amended Complaint as to Defendant Prudential Financial, Inc.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default as to Defendant Prudential Financial, Inc. (Dkt. 127) and Plaintiff's  Motion for Preclusion of Defenses and Award of Expenses (Dkt. 127) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Unseal Order (Dkt. 130) is **DENIED** as legally frivolous.

The Court having denied Plaintiff's Motion for Joinder (Dkt. 118), Motion to Add Wachovia Corporation (Dkt. 120), and Motion for Relief (Dkt. 120) and having dismissed all Defendants,  **IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment accordingly.

DATED this 2nd day of July, 2007.

_____

Earl H. Carroll
United States District Judge